Judge Underwood
delivered the opinion of the Court
Sterrett, a constable of Breckenridge county, holding executions in his hands, against H. B. Cisseli, levied them on a lot in Hardinsburg, and sold the jarcie, at public auction, in satisfaction of the executions, when Hardin became the purchaser,, at the price of $80, a sum exceeding the amount of the executions. Sterrett conveyed the lot, in his. character of constable, to Hardin, in 1812. Hardin sold and conveyed the lot. It passed through several *295 bands, until it came to Chenault, who gave for it, as he alleges, $900.
Sale oí town idt by constable, is vo id,
After the sale and conveyance, made by Sterrett, the lot was purchased from Cissell by Loan. Che-nault, apprehensive that he was in danger from Loan’s title, filed his bill, to compel Loan to relinquish; and if he conld not succeed in that, then to rescind his contracts, with his vendors, who' were made parties; and to take his recourse against them for the purchase money. Cissell was made a defendant, and proceeded against, as a non-resident. The bill charges that, Cissell, subsequent to the sale made by the constable, confirmed it, and that Loan had notice of such confirmation at the time he purchased. Loan resists the relief sought, by denying that Cissell satisfied the sale, and relying on the statute of frauds.
It is too plain for argument, that the sale made by the constable is void. The only question is, was it subsequently ratified by Cissell, so as to render it obligatory? The instrument relied on, as confirming the sale, is as follows:
“ Whereas, John Sterrett holds several small accounts against me, and there being money, or will be -money, in the handsof said Sterrett of mine, for the sale of an inn lot, in Hardinsburg, legally sold by said Sterrett, as an officer. I wish the said Sterrett to wait until he receives the money,above alluded to,and then- be is authorized to detain as much in his hands, as will discharge-the amounts he holds against me.
“HENRY B. CISSELL, Seal.
“Test, — Robert Huston.
“May 29th, 1812.”
This instrument cannot be aided by parol. To permit it, would be to violate the salutory provisions of the statute, to prevent frauds and perjuries, and likewise, to conflict with the rule, which prohibits the introduction of parol testimony, for the purpose of enlarging or diminishing the import and meaning of writings, as manifested by the terms used in them.
If the foregoing instrument, does not- in itself, amountjo a confirmation of the sale by the constable *296 then rthere is no foundation, upon which, the com' plainanl’s bill can rest.
Recital ia writing, between constable and Owner of town lot, that lot ‘‘was legally sold by ■constable,” will not operate as con■firmation of sale, in favor of purchaser, under constable’s sale.
'Contracts, relative to land, must express, in writing, ^hj¿b°”wne consents”)^ part with title to lancS
*296 We'are of opinion, it is no confirmation.
1st. It is no Contract between Cissell and the complainant, or the purchaser, at the constable’s sale, or any one-claiming under him. It is not perceived how these can legally avail themselves, Of a mere recital in a contract between others, to confirm and render binding,'a void act.
2d. The instrument is a contract between Sterrett and Cissell, the object of which was, to provide for settling accounts, and not to make valid, a void act. The fund, out-of which the accounts were to be settled, arose from the sale of the lot, and the sale is referred to, for the purpose of discribing the fund and its source; in doing so, the expression lilegally sold” is used, and the word “Zegalb/” is Supposed to contain an admission, which will estop Cissell, and all those claiming under him, from dehying the validity of the sale; and, as by the contract with Sterrett, Cissell appropriated the surplus, arising from the sale, after the discharge of the executions, it should be presumed, that he intended to ratify the sale; that it would be dishonest, to permit him, or his vendee to avoid the sale, and let Cissell enjoy the price for which it sold. We acknowledge, that there is an apparent injustice, in permitting Cissell to get the -land, and to profit by the price for which it sold. But if such a result followed, in this case, it would only be the fault of the parties, in not regarding the provisions of law, and acting in conformity to them; and it would be no harder, than many other cases, which operate severely on those, who will not attend to what the law requires. The citizen must conform his conduct to the law, and should not complain, when he is delinquent, that the law will not bend to ease a hard case, consequent on his'delinquency. It may bq inferred from the instrument, that Cissell intended to ratify the sale. Inferences will not do.
Contracts relative to land, must be expressed in writing, and the terms, upon which the land is sold, must be stated. Nothing short of this, will comply with the statute. Now, there is no writing here. *297 Siicwing tbe terms, on which Cissell contracted to part with his title to the lot. it is obvious, that his acknowledgement, that the lot was “legally sold? is untrue. He may have thought so, being ignorant, that a constable could not sell land'in virtue of ese-cutions. But if the acknowledgement can have any effect, it must be restricted to Sterrett, with whom Cissell contracted, and cannot be extended to others, who were no parties, so as to permit them to sue, relying on the contract with Sterrett.
Denny and Monroe, for plaintiffs.
3d. The instrument acknowledges,' that the constable acted legally. 1( turns out, that he had not the shadow of authority. The acknowledgement was made without consideration, and at the constable’s instance', to protect himself, after he had discovered his error, without communicating to Cissell, that the sale was void. How then, can the chancellor construe it into an executory contract, which Chenault can enforce specifically. It cannot be done.
If Cissell, before the sale made by the constable, conveyed the lot to Mattingly, and he then having stood by and encouraged tbe constable to sell, and deluded Hardin into the purchase; and if the complainant, on that account, had desired to reach the title in the hands of Mattingly, for the fraud, he was a necessary party, and should have been brought before the court. What effect Mattingly’s conduct might have, were he before the court, regarding Loan as a purchaser, with notice, it is not necessary or'proper for us to decide. All that we should say is, that as the cas,e now presents itself, the complainant has failed to make out such grounds, as will entitle him to relief.
Wherefore, the decree of the circuit court is reversed, and the cause remanded, with directions to dismiss , the complainant’s bill, without prejudice to the future-rights of the parlies.
The plaintiffs must recover their costs, .